Hon. Ed McLean, Chairman, Hon. Thomas M. McKittrick,
Hon. G. Todd Baugh, Judges.

STATE OF MONTANA,
                    Plaintiff,                                    NO. DC-87-159
          vs.                                                    DECISION
SCOTT CLYDE MAGRUDER,
                    Defendant.

On February 11, 1988, the Defendant was sentenced to Count I, ten (10) years for Felony Assault; Count II, forty (40) years for Mitigated Deliberate Homicide. Counts I and II shall be served concurrently to each other. The Defendant knowingly used a dangerous weapon and is sentenced to a term of ten (10) years. This sentence shall be served consecutively with the terms imposed for Count I and Count II. The additional ten (10) year sentence shall run concurrently on each Count, however. It was further ordered that the defendant is designated a Persistent Felony Offender, and the consecutive sentence imposed for use of a dangerous weapon is sufficient to also apply to the Persistent Felony Offender statute in Section 46-18-502, MCA. The Defendant is given credit for 252 days time served and is designated as a Dangerous Offender.

On July 23, 1992, the Defendant's application for review of that sentence was considered by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded pro se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority to increase the sentence, to leave it as it is, or reduce it. In the event that there is a possibility of increasing the sentence, the proceedings will be stayed, an attorney will be appointed, and the matter will be rescheduled for hearing at a later date.

The defendant explained to the Board that all his legal papers were confiscated after the riot, therefore he requested a continuance of 180 days. This request was denied.

The defendant then requested an extension of 90 days in which to reconstruct the materials which would enable him to argue his sentence before this Board.

The motion was granted, there will be a 90 day continuance for good cause shown, and the matter shall be rescheduled for an October, 1992 Sentence Review Hearing.

DATED this 23rd day of July, 1992.
                    Hon. Ed McLean, Chairman, Hon. Thomas M. McKittrick,
                         Hon. G. Todd Baugh, Judges.

STATE OF MONTANA,
                    Plaintiff,                                    NO. CDC-88-174
          vs.                                                    DECISION
ANTHONY SAMUEL VOGEL,
                    Defendant.

On November 4, 1988, the Defendant was sentenced to Count I, one-hundred (100) years for Attempted Deliberate Homicide, plus ten (10) years for the use of a weapon, to be served consecutively; Count II, forty (40) years for Robbery, to be served consecutively to Count I. The defendant was designated as a Dangerous Offender and shall be given 88 days credit for time served.

On July 23, 1992, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded pro se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division is here to consider the sentence which was imposed by Judge Joel Roth. This board has the authority to increase the sentence, to leave it as is, or to reduce it. In the event that the Board would decide the alternative to increase the sentence, the proceedings will be stayed, an attorney would be appointed, and the proceedings would be rescheduled for a later date. In the event that the Board determines the sentence will remain as is or reduce it, the Board will go ahead with that decision. The defendant acknowledged that he understood this and stated that he wished to proceed.

Mr. Vogel informed the Division that he has a petition for post conviction relief pending. Mr. Vogel was given the opportunity to proceed with the hearing at this time or if he wishes to wait until the post conviction has been completed, then he can move to dismiss the petition with permission to refile for sentence review after the post conviction relief matter is completed.

Mr. Vogel requested that his application for sentence review be dismissed at this time and that he be allowed to refile for sentence review after the post conviction relief matter has been completed. The motion was granted, and

The matter is hereby dismissed.

DATED this 23rd day of July, 1992.

**Hon. Ed McLean, Chairman, Hon. Thomas M. McKittrick, Hon. G. Todd Baugh, Judges.**